UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REMY DAUPHIN, on behalf of himself
and all others similarly situated,

                Plaintiff,

- against –

CHESTNUT RIDGE TRANSPORTATION INC.,
JOHN COHR,

                Defendants.

06-2730 (SHS)(MHD)

**AMENDED COMPLAINT**

**Jury Trial Demanded**

      Plaintiff, Remy Dauphin, by his attorneys, the LAW OFFICES OF KARL J. STOECKER, for his complaint on behalf of himself and all others similarly situated, alleges as follows:

**INTRODUCTORY STATEMENT**

      1.  Plaintiff brings this action as a collective action pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA" or the "Act") on behalf of himself and all other current and former Chestnut Ridge Transportation Inc., ("Chestnut Ridge") employees who were not paid in accordance with the Act's overtime provisions. Plaintiff was employed as a bus driver.  Like his fellow Chestnut Ridge bus drivers, he was not paid overtime for all hours worked in excess of 40 hours per week as mandated by the FLSA.  By this action, plaintiff seeks to recover

back pay on behalf of himself and similarly situated employees, to recover for defendants' retaliatory conduct when he complained about its overtime violations, and to enjoin defendants from further violations of the FLSA.

2.   Plaintiff brings his claims under the New York State Labor Law on behalf of a class consisting of residents of New York State who are current or former employees of Chestnut Ridge who were not paid in accordance with the overtime provisions of the New York State Labor Law and regulations.

3.   This action arises under the Fair Labor Standards Act, 29 U.S.C. § 216 *et seq.* and the New York Labor Law § 160 and 12 NYCRR § 142-2.2.  The Court has jurisdiction of the action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction of plaintiff's claims under the New York State Labor Law pursuant to 28 U.S.C. § 1367(a).  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).  Defendants' principal place of business is located in this district.

4.   Plaintiff resides in Spring Valley, New York.  He was employed as a bus driver by the defendants from in or about October 31, 1995, through November 1, 2005, when his employment was terminated after he

complained about defendants' failure to pay him overtime for each hour he worked in excess of 40 hours per week.

    5.   Defendant Chestnut Ridge is a New York Corporation with its corporate headquarters and principal place of business located in Spring Valley, New York. The Company operates school bus services for school districts and private schools in Rockland County utilizing approximately 400 buses, vans and wheelchair vans. In addition to transporting children to and from school each day, the Employer provides transportation for school trips as well as for sports teams from various schools. Additionally, pursuant to a contract with Rockland County Mental Health Department, the Employer also provides transportation services for preschool handicapped children.

    6.   Chestnut Ridge owns three facilities in Rockland County, including bus yards at Red Schoolhouse Road in Chestnut Ridge Hillburn and Spring Valley in Rockland County, New York,

    7.   Defendant John Cohr is, upon information and belief, the owner of Chestnut Ridge and an "employer" within the meaning of 28 U.S.C. § 203(d), in that he acted "directly or indirectly in the interest" of Chestnut Ridge in relation to all of Chestnut Ridge's employees and at all relevant times possessed the authority to hire and fire

employees, to supervise, direct and control their work, and to prescribe their work hours and rate of pay.

### SUBSTANTIVE ALLEGATIONS

8. Plaintiff was employed as a bus driver by the defendants from in or about October 31, 1995 through November 1, 2005, when his employment was terminated after he complained about defendants' failure to pay him overtime for each hour he worked in excess of 40 hours per week.

9. Defendants employed two practices in their accounting of hours worked by plaintiff and his fellow bus drivers both of which resulted in a failure to pay them appropriate overtime compensation mandated by the FLSA and New York State law.

10. These practices applied both to drivers who performed so-called "charters," i.e., transportation of students in connection with special events such as class trips or sporting events (as opposed to regularly scheduled runs to or from school) and to drivers whose hours in excess of 40 (forty) hours per work-week were improperly re-characterized and denominated as "charters."

11. The first practice consisted of failing to pay overtime for hours consumed performing charter runs during workweeks in which a driver worked in excess of forty hours per week. Rather than pay overtime, defendants

compensated drivers for charters either at a flat rate (which often worked out to less than time and a half of their regular rate for each over-time hour worked) or at their regular (straight time) rate.

12. The second practice consisted of improperly re-characterizing overtime hours as charters. Plaintiff was affected, and denied appropriate overtime, as a result of both practices. He is therefore similarly situated to all of defendants' bus drivers who performed charters or had hours re-characterized as charters in defendants payroll records and were denied appropriate overtime as a result. All such drivers are readily identifiable upon a review of defendants' payroll records.

## **CLASS ACTION ALLEGATIONS**

13. Plaintiff brings his claims for violation of the overtime provisions of the New York State Labor Law as class claims pursuant to Fed. R. Civ. P. 23(a), and (b)(3) on behalf of a Class consisting of residents of New York State who, at any time during the past six years, were employed by Chestnut Ridge as drivers, performed driving services denominated as charters in defendants' payroll records and, as a result were not paid appropriate overtime compensation for each hour worked in excess of forty hours per week.

14. The class is so numerous that the joinder of all members is impracticable. Plaintiff estimates that there are at least several hundred Class members most of which would not likely file individual suits because they lack adequate financial resources or access to lawyers and fear reprisal from defendants.

15. Plaintiff's claim under the New York State Labor Law is typical of all Class members' claims because, like all Class members, plaintiff was not paid appropriate amounts of overtime compensation.

16. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in the fields of labor law and class litigation, and particularly wage and hour litigation. Plaintiff has no interest that is contrary to or in conflict with the Class.

17. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the class is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the Class individually to seek redress for the wrongs done

to them.  There will be no difficulty in the management of this action as a class action.

18. Questions of law and fact common to the members of the Class predominate over any questions that may affect only individual members because defendants have acted on grounds generally applicable to the entire Class. Among the questions of law and fact common to the Class are: whether defendants failed to pay overtime to all hours worked in excess of 40 hours per week; whether plaintiff and class members were paid on a salaried basis; whether defendants failure to pay overtime was willful and plaintiffs are entitled to liquidated damages; and whether defendant maintained complete and accurate records of hours worked by plaintiff and his fellow bus drivers.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

## **FIRST CAUSE OF ACTION**
(Violation of the Fair Labor Standards Act,
29 U.S.C. §207 *et seq*.)

20. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 15 above.

21. The FLSA obligated defendants to pay plaintiff and similarly situated employees overtime

compensation at one and one-half of plaintiff's regular rate of pay.

22. Defendants violated the FLSA by failing to pay plaintiff, and similarly situated employees, at a rate of one and one half of their regular rate of pay for all hours worked in excess of forty hours per week.

23. Defendants knew or willfully and/or recklessly disregarded that their conduct alleged herein violated the FLSA.

24. As a result of the wrongful conduct alleged herein, plaintiff and other employees of the defendants have suffered damages.

**SECOND CAUSE OF ACTION**
(Violation of New York State Labor Law § 160
and 12 NYCRR § 142-2.2)

25. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 15 above.

26. New York State Labor Law § 160 and 12 NYCRR § 142-2.2 obligated defendants to pay plaintiff, and members of the Class, overtime compensation at the rate of one and one-half of their regular rate of pay.

27. Defendants violated New York State Labor Law § 160 and 12 NYCRR § 142-2.2 by failing to pay plaintiff members of the Class at a rate of one and one half of their

regular rate of pay for all hours worked in excess of forty hours per week.

28. Defendants knew or willfully and/or recklessly disregarded that their conduct alleged herein violated New York State Law.

29. As a result of the wrongful conduct alleged herein, plaintiff and members of the Class have suffered damages.

### THIRD CAUSE OF ACTION
(Violation of New York Labor Law § 662)

30. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 15 above.

31. Defendants summarily terminated plaintiff's employment when he complained about defendants' failure to pay overtime compensation for each hour worked in excess of 40 hours per week.

32. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

33. As a proximate result of defendants' retaliation against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

34. As a further and proximate result of defendants' actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name, lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

35. Defendants' conduct was outrageous; was done in a deliberate, callous, malicious, fraudulent and oppressive manner intended to injure plaintiff; was done with an improper and evil motive, amounting to malice and spite; and was done in conscious disregard of plaintiff's rights.  Plaintiff is also therefore entitled to an award of punitive damages.

WHEREFORE, plaintiff prays that the Court grant him and similarly situated employees the following relief:

   a.   An award of their actual damages arising from defendants' violations of the FLSA's overtime provisions in an amount to be determined at trial;

   b.   An award of plaintiff's actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

   c.   An award of damages in an amount to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

   d.   An award of Class members' actual damages arising from defendants' violations of the New York Labor Law's overtime provisions;

  e. An award of liquidated damages on plaintiff's claims asserted under the FLSA;

  f. An order enjoining the defendants from engaging in the future in the wrongful practices alleged herein;

  g. An award of reasonable attorney's fees and the costs of this action; and

  h. Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury for all claims stated herein.

Dated: August 10, 2006
   New York, New York

         Respectfully submitted,

         LAW OFFICES OF KARL J. STOECKER


         By: _____
         Karl J. Stoecker (KS-0571)
         18 East 41st Street, 15th Floor
         New York, New York 10017
         Telephone: (212) 818-0080