UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                            :

REMY DAUPHIN, et al.,             :

                        :

               Plaintiffs,    :

                        :         06 Civ. 2730 (SHS)

        v.                  :         OPINION & ORDER

CHESTNUT RIDGE TRANSPORTATION    :
INC., et al.,                    :

                        :

               Defendants.   :

                        :
-----------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      This is an action seeking unpaid overtime compensation pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201-19, and New York Labor Law § 160.  Plaintiffs

claim that they were unlawfully denied overtime pay when they worked as school bus drivers for

Chestnut Ridge Transportation, Inc. and Chestnut Ridge Transit, Inc. (collectively "CR

Transportation").

      Plaintiffs have moved for class certification of their New York state law claim pursuant

to Federal Rule of Civil Procedure 23.  Because plaintiffs have not satisfied the requirement that

they will fairly and adequately protect the interests of the proposed class, Fed. R. Civ. P.

23(a)(4), and because questions of law or fact common to class members do not predominate

over questions affecting only individual members, Fed. R. Civ. P. 23(b)(3), plaintiffs' motion for

class certification is denied.

## I.    BACKGROUND

      A full summary of this action can be found in this Court's prior opinion, *Dauphin v.*

*Chestnut Ridge Transp., Inc.*, 544 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2008), *recons. denied*,

1

*Dauphin v. Chestnut Ridge Transp., Inc.*, No. 06 Civ. 2730, 2008 U.S. Dist. LEXIS 54785 (S.D.N.Y. July 15, 2008).  The following background is relevant to the pending motion.

Plaintiffs' FLSA claim is proceeding as a "collective action" pursuant to 29 U.S.C. § 216(b).  Following this Court's Order of October 6, 2006, notice of this action was mailed to 227 current and former CR Transportation employees. (Stoecker Decl. ¶ 2, Jan. 19, 2007.)  The notice described this action and explained that employees could join the action by signing a consent form and mailing it to plaintiffs' counsel. (*Id.*)  Plaintiffs' counsel received signed consent forms from sixteen individuals. (*See id.* Exs. A-B.)  A "second] amended complaint" was filed adding those sixteen individuals as plaintiffs in this action. (Second Am. Compl. ¶ 5.)

Following the notice procedure, and after limited discovery, defendants moved for summary judgment claiming that CR Transportation was covered by the FLSA's "motor carrier exemption," 29 U.S.C. § 213(b)(1), which exempts interstate motor carriers from the overtime provisions of the FLSA and New York state law. *See Dauphin*, 544 F. Supp. 2d at 271, 276-77.  The motion was denied because, on the record as it existed at the time, "issues of fact remain[ed] as to whether or not the motor carrier exemption applie[d]." *Id.* at 277.[1]

Now, after additional discovery proceedings, plaintiffs have moved for class certification with respect to their New York state law claim only.[2]

**II.    DISCUSSION**

Rule 23(a) provides four prerequisites to class certification.  A court may certify a class only if

---

[1] Summary judgment was granted for defendants with respect to plaintiff Remy Dauphin's claim of retaliatory discharge because Dauphin had "presented no evidence at all that he was discharged for retaliation." *Dauphin*, 544 F. Supp. 2d at 277.

[2] Plaintiffs' FLSA claim is not eligible for class certification under Federal Rule of Civil Procedure 23 because FLSA claims are eligible only for certification as "collective actions" pursuant to 29 U.S.C. § 216(b). *See* 5 James Wm. Moore et al., Moore's Federal Practice § 23.04[1] (3d ed. 2009).

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  Furthermore, plaintiffs here seek class certification pursuant Rule

23(b)(3), which provides for certification only when "Rule 23(a) is satisfied," when "questions

of law or fact common to class members predominate over any questions affecting only

individual members," and when "a class action is superior to other available methods for fairly

and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b), (b)(3).

The Second Circuit has set forth the following guidelines regarding class certification:

"(1) [A] district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met;

(2) such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met;

(3) the obligation to make such determinations is not lessened by overlap between a Rule 23 requirement and a merits issue, even a merits issue that is identical with a Rule 23 requirement; [and]

(4) in making such determinations, a district judge should not assess any aspect of the merits unrelated to a Rule 23 requirement . . . ."

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*, Nos. 07-4017-cv (L) & 07-4025-cv (CON), 2009

U.S. App. LEXIS 16080, at *13 (2d Cir. July 22, 2009) (quoting *In re Initial Pub. Offering Sec.*

*Litig.*, 471 F.3d 24, 41 (2d Cir. 2006)).  A proponent of class certification must meet the Rule 23

requirements by a "'preponderance of the evidence.'"  *Id.* (quoting *Teamsters Local 445 Freight*

*Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 202 (2d Cir. 2008)).

3

Here, the primary issue presented by plaintiffs' state labor law claim is whether plaintiffs were covered by the FLSA's motor carrier exemption.[3] That issue, in turn, depends on whether plaintiffs' employment as CR Transportation drivers involved interstate travel.[4] As this Court explained in its previous opinion, "for the motor carrier exemption from the FLSA to apply, defendants here must establish either that the activities of the individual plaintiffs involved interstate travel of a character that was more than de minimus or that interstate travel was a 'natural, integral and . . . inseparable part' of the positions plaintiffs held." *Dauphin*, 544 F. Supp. 2d at 275 (quoting *Morris v. McComb*, 332 U.S. 422, 433 (1947)).

## A.    Plaintiffs Are Not Adequate Class Representatives

Class certification must be denied because the record shows that plaintiffs have not satisfied the requirement that they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). After reviewing many different types of company records, Patricia Riviello, CR Transportation's Vice President of Human Resources, asserts that each named plaintiff traveled interstate as part of his or her employment with CR Transportation. (Riviello Aff. ¶¶ 54-206, Dec. 18, 2008.) Eleven plaintiffs, Riviello claims, crossed state lines on a daily basis as part of their regular bus routes. (*Id.* ¶¶ 66, 72, 94, 103, 111, 127, 135, 143, 159, 167, 176.) In addition, each plaintiff performed interstate charter trips (*id.* ¶¶ 67, 75, 83, 97, 106, 114, 122, 130, 138, 146, 154, 162, 170, 179, 187, 195, 203); eight plaintiffs performed over one

---

[3] New York law provides that "an employer's overtime obligations are 'subject to [certain of] the exemptions of . . . the Fair Labor Standards Act of 1938,'" including the motor carrier exemption. *Dauphin*, 544 F. Supp. 2d at 277 (quoting N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2).

[4] The motor carrier exemption applies to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to [49 U.S.C. § 31502]." 29 U.S.C. § 213(b)(1). The Secretary of Transportation may establish qualifications and maximum hours of service under 49 U.S.C. § 31502 only "to the extent that passengers, property, or both are transported by motor carrier" in interstate commerce. 49 U.S.C. § 13501. Interpreting those statutory provisions, the Secretary of Transportations has claimed the power to regulate any driver who "could reasonably have been expected to make one of [a motor] carrier's interstate runs." Department of Transportation Notice of Interpretation: Application of the Federal Motor Carrier Safety Regulations, 46 Fed. Reg. 37,902, 37,903 (1981).

hundred interstate charter trips (*id.* ¶¶ 67, 75, 83, 97, 106, 122, 146, 154); and Remy Dauphin, the plaintiff who initially brought this action, performed over one thousand interstate charter trips (*id.* ¶ 67).

Plaintiffs offer no substantive opposition to Riviello's assertions. Plaintiffs have submitted no affirmative evidence to contest the fact that many of them crossed state lines on a daily basis, and plaintiffs have submitted no affirmative evidence to contradict company records showing that each plaintiff performed interstate charter trips. The record is clear, therefore, that when employed at CR Transportation, each plaintiff engaged in at least some interstate travel—and most plaintiffs engaged in a substantial amount of interstate travel.

As a result, plaintiffs are not adequate class representatives. "While it is settled that the mere existence of individualized factual questions with respect to the class representative's claim will not bar class certification, class certification is inappropriate where a putative class representative is subject to unique defenses which threaten to become the focus of the litigation." *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990) (citations omitted). Here, plaintiffs' interstate travel is a unique defense that threatens to become the focus of this litigation. If a class were certified for plaintiffs' state labor law claim, defendants would inevitably focus on the interstate travel of *these plaintiffs* as a means of defeating the claim. That would prejudice absent class members who may have stronger state labor law claims because they did not engage in interstate travel. "Regardless of whether the issue is framed in terms of the typicality of the representative's claims, or the adequacy of its representation, there is a danger that absent class members will suffer if their

representative is preoccupied with defenses unique to it." *Id.* (citations omitted).  Accordingly, class certification is denied because plaintiffs are not adequate class representatives.[5]

### B.   Class-Wide Questions Do Not Predominate

Class certification must also be denied because "questions of law or fact common to class members" do not "predominate" over "questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  "The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  "In order to meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof."  *In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 136 (2d Cir. 2001) (quotation omitted); *accord In re Nassau County Strip Search Cases*, 461 F.3d 219, 227 (2d Cir. 2006) ("[A]n an issue is common to the class when it is susceptible to generalized, class-wide proof.").

The predominance requirement is not met here because defendants' liability for unpaid overtime pay depends heavily on individualized proof.  Determining whether the common carrier exemption applies will require the fact-finder to examine each plaintiff's interstate travel, and there is a wide disparity in the interstate travel of CR Transportation drivers.  Plaintiff Remy Dauphin, for instance, performed 1,237 interstate charter trips, whereas plaintiff Harold Conklin performed only 3 interstate charter trips.  (Riviello Aff. ¶¶ 67, 203, Dec. 18, 2008.)  There is a

---

[5] The conclusion that plaintiffs are inadequate class representatives has no bearing on the ultimate merits of plaintiffs' state law claim.  The record evidence of plaintiffs' interstate travel is relevant only as a means of determining that plaintiffs have not met the adequacy requirement of Rule 23.  *See In re Flag Telecom*, 2009 U.S. App. LEXIS 16080, at *13 (quoting *In re IPO*, 471 F.3d at 41) (explaining that a court's "'obligation'" to determine that the Rule 23 requirements are met "'is not lessened by overlap between a Rule 23 requirement and a merits issue'").  It will be up to the finder of fact to determine whether the evidence of plaintiffs' interstate travel is sufficient to establish that the motor carrier exception applies.

strong possibility, therefore, that the common carrier exemption will apply to some—but not all—CR Transportation drivers, and the fact-finder may have to determine defendants' liability on a driver-by-driver basis. As a result, plaintiffs' state claim is not amenable to "adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.

That is not to say that there are no class-wide issues presented by plaintiffs' state law claim. For example, an alternative method for defendants to establish that the common carrier exemption applies is to show that "interstate travel was a 'natural, integral and . . . inseparable part' of the positions plaintiffs held." *Dauphin*, 544 F. Supp. 2d at 275 (quoting *McComb*, 332 U.S. at 433). That method of proving that the exemption applies would likely involve some amount of generalized proof, as it would require defendants to introduce evidence that interstate travel was "'shared indiscriminately by the drivers,'" *id.* (quoting *McComb*, 332 U.S. at 433), and that any driver could have been called upon to make one of CR Transportation's interstate runs.[6]

Nevertheless, questions of law and fact common to the proposed class do not *predominate*. If a class were certified, the trial of this action could easily devolve into an examination of the interstate travel of each class member, driver-by-driver. There is, moreover, a genuine possibility that, if defendants are liable to any of their drivers, they are liable to some—but not all—of their drivers. If that were the case, the fact-finder would have to sift through the entire class to identify the drivers whose lack of interstate travel makes their claim meritorious, a process that would require evidence specific to each plaintiff. Plaintiffs' state labor law claim, therefore, involves at least as much individualized proof as generalized proof,

---

[6] *See* Department of Transportation Notice of Interpretation: Application of the Federal Motor Carrier Safety Regulations, 46 Fed. Reg. 37,902, 37,903 (1981).

7

and class-wide questions of law and fact do not predominate over individual questions of law and fact.

## III.   CONCLUSION

In sum, this Court finds that (1) plaintiffs have not met the requirement that they will fairly and adequately protect the interests of the proposed class and (2) class-wide questions of law or fact do not predominate over individual questions of law or fact. Plaintiffs' motion for class certification is accordingly denied.[7]

Dated: New York, New York
       August 20, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.

---

[7] In their memorandum of law, defendants request that plaintiffs' FLSA claim be decertified as a collective action. (Defs.' Mem. in Opp. 29.)  Because defendants have not filed a notice of motion or otherwise moved separately for decertification, their request will not be addressed here.