```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
REMY DAUPHIN et al.,
                                 :
            Plaintiffs,              REPORT & RECOMMENDATION
                                 :
        -against-                    06 Civ. 2730 (SHS)(MHD)
                                 :
CHESTNUT RIDGE TRANSPORTATION
INC., CHESTNUT RIDGE TRANSIT,    :
INC. and JOHN COHR,
                                 :
            Defendants.
---------------------------------x
```

TO THE HONORABLE SIDNEY H. STEIN, U.S.D.J.:

This lawsuit has been brought by seventeen plaintiffs, all employed as bus drivers by the defendants. They seek relief for what they contend are violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and New York law. See N.Y. Lab. Law § 160 & 12 N.Y.C.R.R. § 142-2.2. During the course of discovery defendants sought to depose each of the plaintiffs. (Egan Aff., Nov. 10, 2009, Docket Doc. 94, at ¶¶ 4, 19, Ex. B, Ex. K). A number of them refused to appear for their noticed depositions and offered no indication that they would eventually comply. (Id. at ¶¶ 5-20). This refusal, which persisted for eight of the plaintiffs in spite of a court order directing their appearance (see Endorsed Order, Oct. 21, 2009, Doc. 90), triggered a motion by defendants to dismiss the claims of those plaintiffs

1

who had failed to appear. (See Mot. to Dismiss, Nov. 10, 2009, Doc. 293). These included plaintiffs Harold Conklin, Jr., Vera Hess, Derek Waugh[1], Jean Renel Baptiste, Frantz Fils-Aime[2], Sheldon Latzen, John Mollahan, and John Page. (See Egan Aff. at ¶¶ 4-19).

Plaintiff's counsel responded to the current motion by letter, stating that the targeted plaintiffs (other than Derek Waugh and Jean Renel Baptiste)[3] do not oppose dismissal. (Karl J. Stoecker Letter to the Court, Nov. 24, 2009). As for Messrs. Waugh and Baptiste, counsel reported that he had been unable to contact them and hence was unable to state definitively that they consented too. (Id.). Given his inability to reach them, he sought leave to withdraw as their attorney of record. (Id.).

---

[1] Defendants' papers spell this plaintiff's first name "Derik" or "Derick". We will use the spelling that appears on the docket of this case: "Derek".

[2] Defendants' papers occasionally spell this plaintiff's first name "Franz" and occasionally omit the hyphen in this plaintiff's last name. We will refer to him by the name that appears on the docket: "Frantz Fils-Aime".

[3] Mr. Stoecker's letter actually references a "Jean Baptiste Renal," which we presume is a reference to the plaintiff who appears on the caption as "Jean Renel Baptiste" and on whose behalf Mr. Stoecker entered an appearance in this case. Similarly, in this letter, he spells Mr. Waugh's first name "Derick". We will refer to all plaintiffs by the names that appear on the caption until an order is entered amending it.

2

Since six of the defaulting plaintiffs consent to dismissal, we recommend that defendants' motion be granted as to them. As for the other two, we recommend the same result for the reasons that we note below.

Rule 37(d) of the Federal Rules of Civil Procedure authorizes a range of sanctions, including dismissal, that may be imposed on a party for failing to attend a deposition or to comply with a court order. See, e.g., Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994). Dismissal is of course "'a harsh remedy to be utilized only in extreme situations.'" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)). Thus, it should ordinarily not be invoked unless the court is satisfied that the non-compliance is attributable to "willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." Handwerker v. AT&T Corp., 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (quoting Hochberg v. Howlett, 1994 WL 174337, at *3 (S.D.N.Y. May 3, 1994)).

The pertinent considerations in choosing a sanction under Rule 37 include "(1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions;

3

(3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance." Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). Additionally, we examine the prejudicial impact of the noncompliance. See New Pac. Overseas Group (USA), Inc. V. Excal Int'l Dev. Corp., 2000 WL 97358, at *5 (S.D.N.Y. Jan. 27, 2000). It also bears emphasis that a plaintiff is obligated to prosecute his lawsuit, and if he fails to do so, dismissal may be warranted under Rule 41(b), the pertinent criteria for which largely parallel those applicable to the Rule 37 analysis. See, e.g., Shannon v. Gen. Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999); Dodson v. Runyon, 86 F.3d 37, 39-40 (2d Cir. 1996) (quoting Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988)).

Plaintiffs Waugh and Baptiste have been in default of their obligations to appear for a deposition since early October,[4] not itself a long time, but in view of their non-responsiveness to their attorney it appears that the clock will simply continue to

---

[4] On October 2, 2009, defendants notified plaintiffs Conklin, Hess, Waugh, Baptiste, Fils-Aime, Latzen, and Mollahan, through their attorney, of depositions scheduled for the week of October 19, 2009. (Id. ¶ 4, Ex. B).

move on this measurement. As for the degree of fault, counsel does not indicate that he was unable to notify these two individuals of the need to appear for deposition -- only that he could not get their response to the dismissal motion. Hence it appears that they knew that they had to make themselves available for deposition and simply chose not to do so.

In any event, plaintiffs are responsible for making themselves available to their attorney, whether to respond to obligatory discovery or to take a position on motions made by their adversaries. E.g., Statue of Liberty v. Int'l United Indus., Inc., 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (granting motion for default judgment against party whose agents failed to show up at deposition and failed to return their attorneys' phone calls). These defendants have failed to do so.

As for other remedies, since these plaintiffs apparently cannot be contacted by their lawyer, and since discovery ended on October 30, 2009 (except for one deposition that was conducted, with court approval, on November 5, 2009), there appears to be little recourse to compel their compliance with court orders regarding discovery. Moreover, they are already in violation of an order requiring that they make themselves available for deposition

5

during the period from October 26 to 30, 2009. (See Endorsed Order, Oct. 21, 2009). In addition, allowing them to remain in the case would either delay adjudication of the claims of the appearing plaintiffs or else compel the court to split the case into separate segments, to the prejudice of court efficiency and in derogation of the policy of ensuring speedy disposition of civil cases. See, e.g., Fed. R. Civ. P. 1 (setting forth goal of "just, speedy, and inexpensive determination of every action"); 28 U.S.C. § 471 (requiring federal courts to develop civil justice expense and delay reduction plan to "ensure just, speedy and inexpensive resolutions of civil disputes").

Finally, to allow these plaintiffs to remain in the case would irremediably prejudice defendants since they would be forced to proceed with their defense while deprived of the opportunity to question these individuals.[5] Moreover, it would reflect a perverse result since, unlike the other defaulting plaintiffs, they have not even bothered to stay in touch with their counsel. Although the court did not explicitly warn these plaintiffs that a failure to

---

[5] See, e.g., Shannon, 186 F.3d at 195 (prejudice to a party can be presumed where other party unreasonably delayed progress of litigation (citing cases)); Askhinazi v. Sapir, 2005 WL 545205, at *6 (S.D.N.Y. Mar. 8, 2005) (finding that defendant's failure to appear for deposition prejudiced plaintiff), adopted in relevant part, 2005 WL 937597 (S.D.N.Y. Apr. 20, 2005).

comply could lead to dismissal, it made that clear to counsel. (E.g., Egan Aff., ¶ 7, Ex. E). Since plaintiffs have apparently made themselves unreachable, they have forfeited any arguable right to a prior warning.[6]

## CONCLUSION

For the reasons stated, we recommend that defendants' motion to dismiss be granted with respect to plaintiffs Harold Conklin, Jr., Vera Hess, Derik Waugh, Jean Renel Baptiste, Frantz Fils-Aime, Sheldon Latzen, John Mollahan, and John Page.[7]

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Fed. R. Civ. P. 72(b)(2) (2009); see also Fed. R. Civ. P. 6(a), 6(d); 28 U.S.C. § 636(b)(1). Such objections shall be filed with the Clerk of the

---

[6] In any event we will be sending copies of this report and recommendation to these two plaintiffs' last-known addresses, so that if they choose to re-emerge they may contest the propriety of a dismissal.

[7] Insofar as plaintiffs' attorney seeks to be relieved as counsel, we cannot act on this request at present since there is no indication that he supplied copies of that request to his two clients.

Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Sidney H. Stein, Room 1010, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Thomas v. Arn, 470 U.S. 140, 150-55 (1985), reh'g denied, 474 U.S. 1111 (1986).

Dated: New York, New York
       December 10, 2009

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Karl J. Stoecker, Esq.
Law Offices of Karl J. Stoecker
425 Fifth Ave.
New York, NY 10016

Derek Waugh
77 Brookside Avenue

South Nyack, NY 10960

Jean Renel Baptiste
5436 Wellcraft Drive
Greenacres, FL 33463

John K. Diviney, Esq.
John William Egan, Esq.
Rivkin Radler, LLP
926 Rexcorp Plaza
Uniondale, NY 11556

Alan B. Pearl, Esq.
Sima Ali Asad, Esq.
Alan B. Pearl & Associates, P.C.
6800 Jericho Tpke, Ste. 218e
Syosset, NY 11791